(20 Misc. Rep. 6.)

### CANTNER v. AUERBACH et al.

(City Court of New York, General Term.  April 1, 1897.)

PLEADING—MOTION TO MAKE MORE DEFINITE AND CERTAIN.
    Plaintiff in an action for false representations, alleged to have been made by both defendants, will not be required to make the complaint more definite and certain by stating which of the alleged representations were made by one defendant and which by the other, and when and where.

Appeal from special term.

Action by Martha Cantner against Meyer Auerbach and another. From an order requiring plaintiff to make the complaint more definite and certain, plaintiff appeals. Reversed.

Argued before FITZSIMONS, McCARTHY, and CONLAN, JJ.

John H. Stoutenburgh, for appellant.
Abraham I. Elkus, for respondent Auerbach.
Edward P. Schell, for respondent Oppenheimer.

PER CURIAM. This is an appeal from an order made and entered requiring the plaintiff to make her complaint more definite and certain in the following particulars, to wit:

"By stating which of the alleged representations were made by the defendant Herman Oppenheimer and which of the alleged misrepresentations were made by the defendant Meyer Auerbach, and when and where."

The complaint is as follows:

"That on several days and times between the 17th day of March, 1896, and the 11th day of April, 1896, both dates inclusive, the defendants, by tricks and device, and with intent to deceive and defraud the plaintiff, falsely and fraudulently represented and pretended to her, this plaintiff, that the Anchor Company, a corporation duly incorporated under the laws of the state of New York, and of which corporation the said defendant Meyer Auerbach was or was alleged to be the president, and that the said defendant Herman Oppenheimer was or was alleged to be the treasurer, was a prosperous concern: that the machinery and plant owned by the said corporation, and used by it in its business, had actually cost the said corporation the sum of five thousand dollars, and the said business had actually cost the sum of ten thousand dollars and upwards, and that both of the said defendants had actually invested large sums of money in the business of the said corporation,—which false and fraudulent representations and pretenses were made by the defendants with the intent and purpose of inducing this plaintiff to invest moneys belonging to her in the purchase of shares in the said Anchor Company in the name of her husband, Carl Cantner, and to advance money to the said company."

The compliance with the order would compel the plaintiff to plead her evidence. This cannot be done.
Order is therefore reversed, with costs.

